UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REX DEGEORGE,

   Plaintiff,

    v.

UNITED STATES, *et al.*,

   Defendants.

Civil Action No. 04-1605 (CKK)

**MEMORANDUM OPINION**
(September 29, 2006)

      Presently before the Court are Plaintiff's [20] "Motion to Vacate Order Dismissing Count One and Relief from Clerical Error of Neglect Filed with Declaration of Rex K. DeGeorge and Exhibit "A", 1-28" and Defendant's [16] Motion to Dismiss.  Upon considering the aforementioned motions and the filings related thereto, as well as the Complaint, history of the case, related adjudications by other courts, and the relevant statutes and case law, the Court shall GRANT Plaintiff's Motion to Vacate Order Dismissing Count One from the Complaint; however, the Court shall also GRANT Defendant's Motion to Dismiss in its entirety, such that the instant case is dismissed with respect to all U.S. Defendants in their official capacity.  The Court shall order the U.S. Marshall Service to serve Dario D'Andrea in his or her individual capacity pursuant to Federal Rule of Civil Procedure 4(e).  As the Court has previously iterated that any claims Plaintiff may have had against the previously-defined "Italian Defendants" hinge on the alleged actions and liability of the U.S. Defendants themselves, this case shall continue to be HELD IN ABEYANCE with respect to the Italian Defendants until any dispositive motion is

resolved with respect to Agent D'Andrea.

## I. BACKGROUND

*A.     Factual Background*

Plaintiff Rex DeGeorge, who is proceeding *pro se* and *in forma pauperis*, filed a Complaint with the instant Court on September 14, 2004, naming as Defendants both the United States and various agents of the United States as well as the Republic of Italy and various agents of the Republic of Italy.  Compl. ¶ ¶ 1, 2. While Plaintiff's claims as iterated in his Complaint were somewhat unclear to the Court, his request for damages appeared to relate to the search and treatment of a yacht on or near the Italian coast in 1992 and/or 1993 linked in some way to Plaintiff as well as allegations of the yacht's related loss in value.  Plaintiff also made various "spoilation of evidence" claims related to his affirmed criminal conviction in the United States District Court for the Central District of California.  Specifically, Plaintiff included five Counts in his Complaint setting forth the following claims against Defendants: Count One ("28 USC § 2674 Tort") (alleging that "the Americans . . . intentionally, recklessly and maliciously communicated to the Italians false, derogatory disinformation about [Plaintiff]," concealed information from Plaintiff in spite of his alleged FOIA requests, and asked the Italian Defendants to conceal "disinformation"); Count Two ("Constitutional Violations, including Fourth and Fifth Amendments") (alleging that Defendants deprived Plaintiff of his property rights in the yacht); Count Three ("42 U.S.C. § 1983") (alleging that "the Americans . . . violated the civil rights of [Plaintiff]"); Count Four ("Spoilation of Evidence, a Tort") (alleging that all Defendants conspired to conceal facts and evidence from

Plaintiff, create false testimony, and destroy exculpatory evidence, further refusing to produce relevant material in response to FOIA requests "[i]n furtherance of said conspiracy"); and Count Five ("Spoilation of Evidence" "Asserted by Elizabeth DeGeorge Only") (alleging that Plaintiff's daughter "has been deprived of the meaningful relationship and enjoyment of her natural father"). Compl. ¶¶ 7–21. Plaintiff states that he "first learned of some of the Americans' misconduct on September 16, 2001, but its impact was not understood until March 2002." *Id.* ¶ 10. Plaintiff requests damages or other forms of monetary relief for a total of $8,435,000 plus $500,000 per year from 1993 to the date of judgment for himself, in addition to $4,000,000 in damages for his daughter, plus attorneys fees and costs. Compl. at 10–11.

Upon reading the factual background set forth by the Ninth Circuit in the criminal appeal *United States v. DeGeorge*, 380 F.3d 1203 (9th Cir. 2004), which recited the facts as found by the United States District Court for the Central District of California relating to the criminal trial of the Plaintiff for conspiracy, fraud, and perjury "based on his perpetration of [a] scheme to defraud the yacht's insurer by inflating the yacht's value," Defs.' Mot. Dismiss at 4, the Court understands Plaintiff's instant Complaint to be at least in part an attack on his criminal conviction for the same. *DeGeorge*, 380 F.3d at 1209 ("For the next six or seven hours, DeGeorge [and two associates] took turns cutting holes and trying to do anything else necessary to sink the *Principe* [they yacht presently at issue], including smashing equipment and opening vents in the engine room to make the boat take on more water. The scene became rather frantic, and at one point DeGeorge even began ramming a dinghy into the

side of the yacht."). *See also United States v. DeGeorge*, 178 Fed. Appx. 764, 766 (9th Cir. 2006) (affirming DeGeorge's sentence, which was above the advisory Sentencing Guidelines range, as reasonable).

    *B.    Procedural History*

On November 17, 2005, the Court issued an Order pursuant to Federal Rule of Civil Procedure 4(m) requiring Plaintiff to effectuate service on Defendants by December 19, 2005, or the instant case would be dismissed without prejudice. While Plaintiff has not filed proof of service directly with the Court, it is clear to the Court that Plaintiff effectuated service on the United States (*see infra* 8-9) but not on any individual Defendant in his or her own right. *See* Defs.' Mot. Dismiss at 1; Defs.' Reply at 2.

On December 15, 2005, the instant Court issued an [12] Order requiring that Plaintiff show cause why his Complaint should not be dismissed as barred by the Federal Tort Claims Act (FTCA) with respect to the U.S. Defendants due to Plaintiff's alleged failure to exhaust administrative remedies, a jurisdictional prerequisite, by " 'first present[ing] a claim to the appropriate Federal agency . . . .' " [12] Order at 2 (quoting 28 U.S.C. § 2675), 3. The Court further ordered Plaintiff to show cause why his Complaint should not be dismissed as barred by the Foreign Sovereign Immunities Act (FSIA) with respect to the Italian Defendants. [12] Order at 2, 3. On January 9, 2006, Plaintiff appeared to respond to the Court's Order to Show Cause only with respect to the Court's jurisdiction pursuant to the FSIA. As such, via Order dated February 9, 2006, the Court dismissed Count One against all U.S. Defendants "[b]ecause Plaintiff had failed to show cause as to why his tort claims should not be dismissed

as barred by the requirement under the Federal Tort Claims Act that Plaintiff first exhaust his administrative remedies . . . ." [17] First Order at 2.  The Court further stated that because " any argument that the Italian Defendants acted as the agents of the U.S. Defendants hinges on the alleged actions and liability of the U.S. Defendants themselves . . . the Court will hold Plaintiff's claims against the Italian Defendants in abeyance until the Court has issued a ruling on the pending [16] Motion to Dismiss." *Id*. at 4.

On February 6, 2006, the U.S. Defendants filed a [16] Motion to Dismiss for lack of jurisdiction pursuant to Federal Rule(s) of Civil Procedure 12(b)(1), (2) and (6) based in part on Plaintiff's failure to respond to the Court's show cause order with respect to the FTCA. Defs.' Mot. Dismiss at 5.  Notwithstanding Plaintiff's non-response, the U.S. Defendants further argued that the FTCA does not provide a waiver of sovereign immunity with respect to either constitutional torts or the provision of allegedly false information.  *Id.* at 5-6.  Finally, the U.S. Defendants argue that Plaintiff's claims are barred by the statute of limitations and should be deemed " essentially fictitious." *Id*. at 6-7.

On February 9, 2006, the Court issued a [18] Second Order advising Plaintiff to respond to the U.S. Defendants' Motion to Dismiss with respect to Counts Two, Four, and Five of the Complaint.  [18] Second Order at 2.  Furthermore, the Court ordered Plaintiff to show cause why Count Three (42 U.S.C. § 1983) of his Complaint should not be dismissed, as he had not alleged any violations of his rights by state actors in the Complaint.  *Id*.

On February 27, 2006, Plaintiff filed an Opposition to Defendants' Motion to Dismiss as well as a [20] "Motion to Vacate Order Dismissing Count One and Relief from Clerical Error

of Neglect Filed with Declaration of Rex K. DeGeorge and Exhibit "A", 1-28." In Plaintiff's Motion to Vacate Order, Plaintiff claims (among other arguments) that he mailed a response with respect to the FTCA entitled "Proof of Compliance With FTCA 28 USC § 2675," allegedly demonstrating that he exhausted his administrative remedies. *Id.* at 2. On March 13, 2006, the U.S. Defendants filed a Reply to their Motion to Dismiss.

## II.  LEGAL STANDARD

*A.      Rule 12(b)(1)*

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1). In general, a motion to dismiss under Federal Rule of Civil Procedure 12(b) should not prevail "unless plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Kowal v. MCI Commun. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). A court may appropriately dispose of a case under 12(b)(1) for standing, and may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Artis v. Greenspan*, 223 F. Supp. 2d 139, 152 n.1 (D.D.C. 2002) ("A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("where a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for

summary judgment") (citing *Greenberg v. The Life Ins. Co. of Virginia*, 177 F.3d 507, 515 (6th Cir. 1999)).  At the stage in litigation when dismissal is sought, the plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

      B.      *Rule 12(b)(6)*

"In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, unlike resolving a motion under Rule 12(b)(1), the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged.").  While the court must construe the complaint in the Plaintiff's favor, it "need not accept inferences drawn by the plaintiff[] if such inferences are not supported by the facts set out in the complaint." *Kowal*, 16 F.3d at 1276.  Moreover, the court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997).  The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See*

*St. Francis Xavier Sch.*, 117 F.3d at 624; *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993).  Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint.  *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

### III.  DISCUSSION

The Court shall first address Plaintiff's Motion to Vacate Order Dismissing Count One, and then shall proceed to examine Defendants' Motion to Dismiss

    *A.*    *Motion to Vacate Order Dismissing Count One*

In Plaintiff's Motion to Vacate Order, Plaintiff claims that he mailed a response with respect to his exhaustion of administrative remedies entitled "Proof of Compliance With FTCA 28 USC § 2675."  *Id.* at 2.[1]  The U.S. Defendants do not directly oppose Plaintiff's assertion of his compliance with the Court's show cause order.  In an abundance of caution, the Court shall GRANT Plaintiff's Motion to Vacate Order and reinstate Count One, which regardless shall be dismissed with respect to the U.S. Defendants on the other jurisdictional grounds presented in the pending Motion to Dismiss.

    *B.*    *Motion to Dismiss*

---

[1] The Court also notes that Plaintiff improperly sent a "Notice to Court and Plaintiff's Request for Conformation [sic] of His Pleadings Filed Re Pending Motions" directly to the Court rather than filing said document with the Clerk of the Court.  The Court has nonetheless considered the substance of Plaintiff's filing and has sent said "Notice," received by the Court on June 26, 2006, to the Clerk's Office be filed on the docket.

Defendants correctly assert (and Plaintiff does not deny) that the FTCA provides that liability rests exclusively with the United States as opposed to the Defendant agencies and individuals in their official capacities.  *See* 28 U.S.C. § 2679(b)(1); Defs.' Mot. Dismiss at 1 n.1; Defs.' Reply at 2-3; *Mason v. Judges of the U.S. Court of Appeals for the District of Columbia Circuit*, 952 F.2d 423, 425 (D.C. Cir. 1991), *cert. denied*, 506 U.S. 829, 113 S. Ct. 92, 121 L. Ed. 2d 54 (1992) ("a civil action against federal employees in official capacity is a suit against the United States.").  As such, the United States is the sole proper Defendant (of the U.S. Defendants, including individuals in their official capacity) in this case aside from possible claims made against officials in their individual capacity.  Defendants note that two individually-named Defendants–Agent Constanzo and Arno Pierratti–are both deceased.  Defs.' Mot. Dismiss at 1 n.1.  The FBI further notes that it is unable to locate any agent named "Gillmore" in its employ.  *Id.*  Because the only argument raised by Defendants with respect to the remaining individual U.S. Defendant–U.S. Customs Service Agent Dario D'Andrea–is that D'Andrea was never properly served pursuant to Federal Rule of Civil Procedure 4(e), and because Plaintiff is proceeding *in forma pauperis* and previously requested service of Defendants in their individual capacities via U.S. Marshall Service, *see* [11] at 2, the Court shall instruct the U.S. Marshall's Service to serve process on Agent D'Andrea in his or her individual capacity.  As Plaintiff's claims, as discussed below, shall be dismissed in their entirety as to the United States, the only remaining non-foreign Defendant in the instant case shall be Agent D'Andrea in his or her individual (not official) capacity.  The Court shall continue to hold Plaintiff's claims in abeyance with respect to the Italian Defendants until the Court has ruled on any dispositive motion with

respect to Agent D'Andrea in his or her individual capacity.

As the Court has reinstated Count One of the instant Complaint based on Plaintiff's representations that he responded to the Court's Order to show cause with respect to his failure to exhaust administrative remedies pursuant to the FTCA, the Court shall address the United States' Motion to Dismiss with respect to all Counts of Plaintiff's Complaint except for Count Three.  In the Court's [19] Second Order, the Court ordered Plaintiff to show cause why Count Three, based on 42 U.S.C. § 1983, should not be dismissed, due to the absence of any claims that state actors violated Plaintiff's rights.  Plaintiff's response, that the "Federal Agents acted in a dual capacity" in providing Plaintiff's state driver's and criminal records to Italian authorities, see Pls.' Opp'n to Mot. Dismiss at 9, clearly does not fall within the rubric of state action required pursuant to 42 U.S.C. § 1983.  Therefore, the Court shall dismiss Count III of Plaintiff's Complaint in its entirety with respect to the United States.

The United States and its agencies retain sovereign immunity from suit unless that immunity is waived.  *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); *Floyd v. District of Columbia*, 129 F.3d 152, 155 (D.C. Cir. 1997); *Brown v. Secretary of Army*, 78 F.3d 645, 650 (D.C. Cir. 1996), *reh'g denied*, 86 F.3d 225 (D.C. Cir. 1996).  "Sovereign immunity is jurisdictional in nature."  *Meyer*, 510 U.S. at 475, 114 S. Ct. 996.  The terms of the government's consent to be sued define courts' jurisdiction to entertain a suit against the government.  *See Meyer*, 510 U.S. at 475, 114 S. Ct. 996; *United States v. Testan*, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976).  Any waivers of immunity must be "unequivocally expressed" and waivers are "not generally to be liberally construed . . . [unless

such a construction is] consistent with Congress' clear intent." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992) (internal citation and quotation omitted).

The FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, effects a limited waiver of the United States' sovereign immunity, rendering the federal government and its agencies liable for certain damages or injuries caused by federal employees acting within the scope of their employment. *Meyer*, 510 U.S. at 475, 114 S. Ct. 996. A claimant seeking damages pursuant to the FTCA must first file a claim with the appropriate administrative agency. *See* 28 U.S.C. § 2675; *GAF Corp. v. United States*, 818 F.2d 901, 917-18 (D.C. Cir.1987) (presentment of claim to federal agency for administrative settlement is precondition to filing suit under FTCA). Once the claim is finally denied by the agency, or if six months have elapsed without agency disposition, a claimant becomes eligible to file suit in the district court. *See* 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 111-13, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993). Moreover, individual officials may not be sued under the FTCA, *see* 28 U.S.C. § 2679; *see also Cox v. Secretary of Labor*, 739 F. Supp 28, 29 (D.D.C. 1990) ("The FTCA directs that the exclusive remedy for tort claims is an action against the United States rather than against the individuals or the particular government agencies.") (citing *Miller v. United States*, 710 F.2d 656, 657 n.1 (10th Cir. 1983), *cert. denied*, 464 U.S. 939, 104 S. Ct. 352, 78 L. Ed. 2d 316 (1983)).

"The grant of jurisdiction and waiver of sovereign immunity are subject to several exceptions, including . . . the intentional tort exception." *Jerome Stevens Pharmaceuticals, Inc. v. FDA*, 402 F.3d 1249, 1252 (D.C. Cir. 2005). Under the intentional tort exception, the United

States does not waive sovereign immunity with respect to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." 28 U.S.C. § 2680(h). In Count One of Plaintiff's Complaint, Plaintiff accuses the U.S. Defendants of intentionally communicating false information and intentionally concealing information with respect to Plaintiff. Such alleged actions clearly fall within the intentional tort exception to the limited waiver of sovereign immunity provided by the FTCA such that the Court lacks jurisdiction over Plaintiffs' Count One. *See Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1155-56 (D.C. Cir. 1985) (holding that plaintiff's "injurious falsehood" claims–that agency officials provided false information to others to plaintiff's economic detriment–were barred by 28 U.S.C. § 2680(h)).

Additionally, the FTCA does not waive the Federal Government's immunity from suit for constitutional torts. *Meyer*, 510 U.S. at 477-78 (holding that constitutional tort claims do not come within the jurisdictional grant of the FTCA because they are based on federal law rather than "the law of the place where the act or omission occurred"); 28 U.S.C. § 1346(b). *See also Laswell v. Brown*, 683 F.2d 261, 267-68 (8th Cir. 1982), *cert. denied*, 459 U.S. 1210, 103 S. Ct. 1205, 75 L. Ed. 2d 446 (1983) ("The United States and its agencies are not proper defendants because of sovereign immunity . . . . A Bivens-type action cannot be prosecuted against the

United States government"); *Birnbaum v. United States*, 588 F.2d 319, 327-28 (2d Cir. 1978) ("We do not believe that the Federal Tort Claims Act comprehends Federal constitutional torts in its reference to the 'law of the place' under s 1346(b)."). As Plaintiff's Count Two alleges violations of the Fourth and Fifth Amendments, the Court also lacks jurisdiction over such claims, as sovereign immunity has not been waived by the government with respect to these constitutional tort claims.

Finally, Plaintiff clearly attempts to collaterally attack the basis of or effects following from his conviction in the United States District Court for the Central District of California in Counts Four and Five of his Complaint, both of which contain allegations entitled "Spoilation of Evidence." More specifically, Plaintiff claims that Defendants conspired to "conceal from plaintiffs all facts and evidence, including exculpatory and exonerating evidence . . . create false testimony charging that defendant flooded Principe and then 'set it ablaze' . . . destroy all evidence which was exculpatory," and in furtherance of said conspiracy, "refused to produce any relevant material under FOIA . . . failed to preserve known exculpatory evidence, avoided taking statements . . . ." Compl. ¶¶ 17-19. The Ninth Circuit has already considered and rejected the merits of various loss of evidence claims raised by Plaintiff in the course of Plaintiff's criminal appeal. *See DeGeorge*, 380 F.3d at 1211-12.

In *Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that one who has been convicted of a crime may not ordinarily recover damages pursuant to 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid." *Id.* at 486, 114 S. Ct. 2364. The only qualification

to this otherwise broad prohibition is if the plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87, 114 S. Ct. 2364. From this rule emerges the following directive: "[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487, 114 S. Ct. 2364.

Although *Heck,* on its face, addresses only actions brought under § 1983, the United States Court of Appeals for the District of Columbia Circuit has expanded the contours of *Heck* to reach § 1983's federal analog, the *Bivens* claim. *See Williams v. Hill,* 74 F.3d 1339, 1340-41 (D.C. Cir.1996) (per curiam); *see also Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam) (extending *Heck* to *Bivens* actions); *Tavarez v. Reno,* 54 F.3d 109 (2d Cir. 1995) (per curiam) (same); *Stephenson v. Reno,* 28 F.3d 26 (5th Cir. 1994) (per curiam) (same). In *Williams,* the plaintiff alleged a conspiracy to violate his Fourth, Sixth, and Eighth Amendment rights among two prosecutors, a Secret Service agent, three of his court-appointed attorneys, and others associated with his criminal conviction. *See Williams,* 74 F.3d at 1340. Although the plaintiff purported to sue under statutory provisions as disparate as 42 U.S.C. § 1985(3), the Racketeer Influenced and Corrupt Organizations Act, and the mail and wire-fraud statutes, this Circuit found that the plaintiff did not "claim any injury apart from the fact of his conviction, and he consistently characterize[d] the underlying events as acts in furtherance of the alleged

conspiracy to convict him." *Id.* Finding that the broad rationale of *Heck* militated against cabining its holding to only § 1983 actions, the court concluded that "*Heck* does not rest on statutory language, legislative history, comity, or any other consideration unique to actions under 42 U.S.C. § 1983. It rests instead on the need for finality of criminal convictions and on the analogy between actions under § 1983 and the common law of malicious prosecution, which barred the suit unless the criminal prosecution ended in the plaintiff's favor." *Id.*

In the instant case, where Plaintiff's criminal conviction (and sentence) in California have been affirmed on appeal, consideration of the "spoilation of evidence" claims raised by Plaintiff "would necessarily imply the invalidity of [that] conviction or sentence." *See Heck*, 512 U.S. at 487, 114 S. Ct. 2364. As such, the Court shall properly dismiss Counts Four and Five with respect to the United States.

## IV.  CONCLUSION

Based on the aforementioned reasoning, the Court shall GRANT Plaintiff's [20] Motion to Vacate Order Dismissing Count One from the Complaint.  The Court shall also GRANT [16] Defendants' Motion to Dismiss in its entirety, such that the instant case is dismissed with respect to the United States (subsuming all U.S. agencies and individuals in their official capacity).  The Court shall order the United States Marshall Service to serve Dario D'Andrea in his or her individual capacity pursuant to Federal Rule of Civil Procedure 4(e).  As the Court has previously iterated that any claims Plaintiff may have had against the previously-defined "Italian Defendants" hinge on the alleged actions and liability of the U.S. Defendants themselves, this case shall continued to be HELD IN ABEYANCE with respect to the Italian Defendants until any dispositive motion is resolved with respect to Agent D'Andrea.  An appropriate Order accompanies this Memorandum Opinion.


Date:   September 29, 2006

                                              /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge