UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REX DEGEORGE,

    Plaintiff,

      v.

UNITED STATES, *et al.*,

    Defendants.

Civil Action No. 04-1605 (CKK)

**MEMORANDUM OPINION**
(November 13, 2007)

Plaintiff, who is proceeding *pro se*, filed a Complaint on September 14, 2004, against the United States and various agents of the United States (collectively, "U.S. Defendants"), as well as the Republic of Italy and various agents of the Republic of Italy (collectively, "Italian Defendants"). The Court dismissed Plaintiff's claims against the U.S. Defendants on September 29, 2006, and dismissed Plaintiff's case against the Italian Defendants on January 2, 2007. As Plaintiff had no remaining claims against any of the Defendants, the Court dismissed the case on January 2, 2007. Presently before the Court is Plaintiff's [30] Motion for Reconsideration filed on October 30, 2006 (pending at the time of the Court's dismissal), and Plaintiff's [43] Motion for Leave to Amend his Complaint filed January 3, 2007. After a thorough review of the Parties' submissions, applicable case law and statutory authority, the Court shall DENY Plaintiff's [30] Motion for Reconsideration and DENY Plaintiff's [43] Motion for Leave to Amend, for the reasons that follow.

## I. BACKGROUND

Plaintiff's Complaint alleges the following.  On November 8, 1992, Plaintiff's yacht was "partially flooded with seawater some 50 miles off the Italian coast of Naples."  Compl. ¶ 6.  The yacht was "successfully towed . . . ashore," presumably by the Italian Defendants, and then "dry-docked in Salerno, Italy."  *Id.*  On November 9, 1992, the U.S. Defendants "intentionally, recklessly and maliciously communicated to the Italians false, derogatory disinformation" concerning Plaintiff, and as a result of that communication, Plaintiff was detained by Italian officials.  Compl. ¶ 7.  While subject to detention, Plaintiff's yacht was destroyed by the Italian Defendants looking for "arms or drugs," which Plaintiff alleges would not have occurred but for the information communicated by the U.S. Defendants.[1]  Compl. ¶ 8.  Plaintiff brought claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680; the Fourth and Fifth Amendments to the United States Constitution; the Civil Rights Act, 42 U.S.C. § 1983; and

---

[1]  Plaintiff's allegations stand in stark contrast to the findings of the United States District Court for the Central District of California, as recited by the Ninth Circuit in Plaintiff's criminal appeal.  *See United States v. DeGeorge*, 380 F.3d 1203, 1208, 1209 (9th Cir. 2004) (affirming DeGeorge's conviction for participating in a scheme to defraud by "scuttling [his yacht] off the coast of Italy and attempting to collect insurance proceeds," and finding "DeGeorge [and two associates] took turns cutting holes and trying to do anything else necessary to sink the [yacht presently at issue], including smashing equipment and opening vents in the engine room to make the boat take on more water.  The scene became rather frantic, and at one point DeGeorge even began ramming a dinghy into the side of the yacht.").  *See also United States v. DeGeorge*, 178 Fed. Appx. 764, 766 (9th Cir. 2006) (affirming DeGeorge's sentence, which was above the advisory Sentencing Guidelines range, as reasonable).  Nevertheless, the Court takes Plaintiff's allegations as true for purposes of the instant Motions.  *See Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged.").  The Court notes, however, that it "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint."  *Kowal v. MCI Comm'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

a spoliation of evidence tort.

On September 29, 2006, the Court granted the Motion to Dismiss brought by the U.S.

Defendants in its entirety and dismissed the case with respect to all U.S. Defendants acting in

their official capacities. The Court held, in relevant part, that Plaintiff's allegations "clearly fall

within the intentional tort exception to the limited waiver of sovereign immunity provided by the

FTCA [28 U.S.C. § 2680(h)] such that the Court lacks jurisdiction over Plaintiff's Count one."[2]

[27] Mem. Op. dated Sept. 29, 2006 at 12. With respect to the Italian Defendants, the Court held

that because "any claims Plaintiff may have had against the [Italian Defendants] hinge on the

alleged actions and liability of the U.S. Defendants themselves," the Court held in abeyance

claims against the Italian Defendants until any dispositive motion was resolved as to U.S.

---

[2] Plaintiff's other claims are immaterial for present purposes because the Motion for Reconsideration only substantively addresses the Court's ruling with respect to Count One of the Complaint. *See* Pl.'s Mot. for Recons. at 1 ("[t]his motion is made on the grounds that apparently the Complaint was inartfully drawn . . . and stat[ed] several causes of action and alternative theories of liability into Count One without separately stating them"). The Defendants briefed Plaintiff's Motion for Reconsideration only as to Count One, *see* Def.'s Opp'n to Pl.'s Mot. for Recons. at 1 n.1 ("Defendant assumes that Plaintiff is not seeking reconsideration of the Court's dismissal of the other counts of the Complaint as they apply to the United States, as he has set forth no argument applicable to any other than Count One"), and Plaintiff raises no issue concerning the limited briefing. *See* Pl.'s Reply at 1 ("The United States opposes Plaintiff's Motion to vacate the Order dismissing Count One, the FTCA count . . ."). The Court has identified several arguments in Plaintiff's Motion for Reconsideration that *could* be considered applicable to one or more counts of Plaintiff's Complaint, but would have no merit if they were so considered. For example, Plaintiff argues that "all Bivens claims are valid against all agents," Pl.'s Mot. for Recons. at 14, but fails to set forth any argument for why the Court's September 29, 2006 Order was in error as to Plaintiff's constitutional claims. Similarly, Plaintiff argues that his right to recovery is unrelated to his guilt or innocence, Pl.'s Mot. for Recons. at 9, a reference that may respond to the Court's dismissal of his spoliation of evidence tort claims. *See* [26] Mem. Op. dated Sept. 29, 2006 at 13-15. Plaintiff sets forth no facts or case law persuading the Court that its disposition of this claim on September 27, 2006, was incorrect in any respect.

Defendant Dario D'Andrea, who Plaintiff sued in his individual capacity.  *Id.* at 1-2.  The Court

instructed the U.S. Marshal's Service to serve process on Mr. D'Andrea and held all claims

against him and the Italian Defendants in abeyance pending this service.  *Id.* at 1.

On October 30, 2006, Plaintiff moved for reconsideration of the Court's dismissal of

Count One of the Complaint.  The Government opposed the Motion on November 20, 2006.

Prior to ruling on that Motion, the Court issued an Order on November 3, 2006, and again on

November 27, 2006, ordering Plaintiff to provide the full name and home address of Mr.

D'Andrea to allow the United States Marshall's Service to effect service.  *See* [32] Order dated

Nov. 3, 2006 at 1; [35] Order dated Nov. 27, 2006 at 1.  The Court indicated that pursuant to

Local Rule 5.1(e), failure to comply with the Court's Orders would cause the dismissal of the

case against Mr. D'Andrea.  *See* [35] Order at 2.  Plaintiff filed a notice with the Court on

December 18, 2006, acknowledging Plaintiff's receipt of the Court's orders but indicating that

"Plaintiff regrets that he is unable to [provide Mr. D'Andrea's home address] because he does

not have the financial ability to retain an investigator to locate Mr. Dario D'Andrea."  Pl.'s [39]

Notice at 1-2.  The Court dismissed the case without prejudice against Mr. D'Andrea, and

because "any claims Plaintiff may have had against the [Italian Defendants] hinge on the alleged

actions and liability of the U.S. Defendants [of which there were none remaining]," the case was

dismissed as to the Italian Defendants.  *See* [42] Order dated Jan. 2, 2007 at 2.  The Court

ordered the entire case closed on January 2, 2007, because there were no remaining claims

against any Defendants.  The Court informed the Parties that Plaintiff's Motion for

Reconsideration would be decided by the Court after Plaintiff filed his Reply thereto.  *See* [42]

4

Order dated Jan. 2, 2007 at 2.

On January 3, 2007, Plaintiff filed a Reply brief in support of his Motion for Reconsideration, but also sought leave to amend his Complaint to add a claim under the admiralty statutes of 46 U.S.C.A. App. §§ 742-744 (2006).  The Defendants opposed Plaintiff's Motion for Leave to File an Amended Complaint on January 23, 2007, and Plaintiff filed a Reply on February 12, 2007.

## II.  DISCUSSION

*A.      Motion for Reconsideration of the September 29, 2006 Order*

While Plaintiff does not cite a legal standard under which his Motion for Reconsideration was brought, the Defendants correctly cites to Rule 54(b) of the Federal Rules of Civil Procedure in its Opposition.  *See* Defs.' Opp'n to Pl.'s Mot. for Recons. at 3.  Pursuant to Rule 54(b),

> any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Because the Court's September 29, 2006 Order granted the Defendants' Motion to Dismiss without adjudicating Plaintiff's claims as to the "Italian Defendants," Fed. R. Civ. P. 54(b) applies to Plaintiff's Motion for Reconsideration.

The standard for determining whether or not to grant a motion to reconsider brought under Rule 54(b) is the "as justice requires" standard espoused in *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005), which requires "determining, within the Court's discretion, whether

reconsideration is necessary under the relevant circumstances." *Id.*  Considerations a court may

take into account under the "as justice requires" standard include whether the court "patently"

misunderstood the parties, made a decision beyond the adversarial issues presented, made an

error in failing to consider controlling decisions or data, or whether a controlling or significant

change in the law has occurred.  *See Singh v. George Washington Univ.,* 383 F. Supp. 2d 99, 101

(D.D.C. 2005).  Furthermore, the party moving to reconsider carries the burden of proving that

some harm would accompany a denial of the motion to reconsider:  "In order for justice to

require reconsideration, logically, it must be the case that, some sort of 'injustice' will result if

reconsideration is refused. That is, the movant must demonstrate that some harm, legal or at least

tangible, would flow from a denial of reconsideration." *Cobell*, 355 F. Supp. 2d at 540.

Plaintiff's Motion for Reconsideration offers two reasons why the Court should not have

dismissed the Complaint as to the U.S. Defendants.  First, Plaintiff alleges that his claim was

brought against the U.S. Defendants for information that was intentionally, recklessly, *and*

*negligently* communicated to the Italian Defendants.  *See* Pl.'s Mot. for Recons. at 7.   Plaintiff

argues that the Court mistakenly identified his claim as alleging only intentional conduct, and

that proof of negligence would allow him to prevail on this claim.  *Id.* at 8 ("Plaintiff can prevail

by establishing either that the agents were negligent or the U.S.A. failed to properly supervise run

away agents").  Plaintiff's argument is without merit.  The Supreme Court has held that

§ 2680(h) of the FTCA bars suit against the United States for communication of misinformation,

whether negligent or intentional.  *See Block, et al. v. Neal*, 460 U.S. 289, 296 (1983) ("§ 2680(h)

applies to claims arising out of negligent, as well as intentional, misrepresentations") (citing

*United States v. Neustadt*, 366 U.S. 696, 703-706 (1961)).  Accordingly, even if the U.S.

Defendants negligently communicated incorrect information to the Italian Defendants, those

communications would still fall within the scope of the "misrepresentation" exception to the

FTCA.

Plaintiff's second argument is based on a factual distinction.  Although Plaintiff claims

that he was detained because the U.S. Defendants communicated false information to the Italian

Defendants, he also alleges that "Plaintiff's damages were caused by Defendants' negligent

inspection of its files in its computer systems."  Pl.'s Mot. to Recons. at 12.  Plaintiff surmises

that this allegation circumvents the misrepresentation exception of the FTCA, § 2680(h).  This

argument is belied by the allegations in Plaintiff's Complaint.  Plaintiff alleges that his yacht was

damaged during his detention.  Compl. ¶ 8.  Plaintiff further alleges that he would not have been

detained but for the false information communicated by the U.S. Defendants to the Italian

Defendants.  Compl. ¶¶ 7-8.  Had the U.S. Defendants merely maintained false information in

their computer files, but had not conveyed the information to the Italian Defendants, Plaintiff's

Complaint suggests that his yacht would not have sustained any damage.  For this reason,

Plaintiff's damages arise out of the alleged intentional or negligent communications, not out of

some abstract allegation of negligently maintained computer files.  *See Block et al.*, 460 U.S. at

296 (examining the "essence" and "gravamen" of the action under the misrepresentation

exception).

In sum, the Court has considered whether Plaintiff has identified any area where the

Court patently misunderstood the parties, made a decision beyond the adversarial issues

presented, made an error in failing to consider controlling decisions or data, or whether a

controlling or significant change in the law has occurred. *See Singh,* 383 F. Supp. 2d at 101.

Because Plaintiff's arguments fail to make any such showing, the Court shall deny Plaintiff's

[30] Motion for Reconsideration.

      B.      *Motion for Leave to Amend*

      Although Plaintiff's Motion for Reconsideration indicates that "Plaintiff should have

been allowed leave to amend his complaint in order to clarify his pleadings and state his

allegations in clearer and more detailed language," Pl.'s Mot. for Recons. at 3-4, Plaintiff did not

seek leave to amend until the submission of his Reply brief, wherein he attached an amended

complaint. *Id.* Ex. 1. The grant or denial of leave to amend is committed to a district court's

discretion under Fed. R. Civ. Proc. 15(a), and leave shall be granted unless there is a sufficient

reason to deny such as "'undue delay, bad faith or dilatory motive . . . repeated failure to cure

deficiencies by [previous] amendments . . . [or] futility of amendment.'" *Firestone, et al. v.*

*Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182

(1962)). Where a district court is presented with a motion for leave to amend following a

dismissal, the court considers the motion for leave to amend only *after* consideration of a party's

motion to amend or alter the dismissal. *See, e.g., Niedermeier v. Office of Max S. Baucus*, 153 F.

Supp. 2d 23, 27 (D.D.C. 2001) ("Before this Court can consider plaintiff's Motion to Amend her

Complaint, the Court must first rule upon plaintiff's Motion to Reconsider and Vacate this

Court's judgment under Fed. R. Civ. P. 59(e)); *Harris v. Howard Univ.*, 1996 U.S. Dist. LEXIS

21780 at *5-*6 (D.D.C. May 23, 1996) ("plaintiff must first satisfy the standard of Rule 59(e) or

Rule 60(b) and then proceed to meet the Rule 15(a) requirements"). As stated above, Plaintiff in

the instant case has not met his burden with respect to his Motion for Reconsideration of the

Court's September 29, 2007 Order.

Nevertheless, an examination of Plaintiff's Amended Complaint reveals the same or

materially similar allegations as those contained in his original Complaint, with one difference.

Plaintiff's Amended Complaint adds a new claim arising out of 46 U.S.C.A. App. §§ 742-744,

for the failure of the Italian Defendants "to allow Plaintiff the opportunity to immediately wash

and maintain" his yacht.[3] Am. Compl. ¶¶ 27-28. Plaintiff fails to explain how these admiralty

statutes apply to the instant case, and fails to address how the actions of the Italian Defendants

could give rise to liability for the U.S. Defendants under these statutes. Moreover, these

admiralty statutes have a two-year statute of limitations period. *See* 46 U.S.C.A. § 745 (2006)

("suits as authorized by this chapter may be brought only within two years after the cause of

action arises"). The damage to Plaintiff's yacht allegedly occurred in 1992 and 1993, and

Plaintiff alleges in his Complaint that he "first learned some of the Americans' wrongful conduct

on September 16, 2001, but its impact was not understood until March 2002." Am. Compl. ¶ 17.

Even if the statute of limitations began to run from March 2002, Plaintiff's claim would still be

time-barred. Because Plaintiff's Amended Complaint fails to cure the deficiencies of his original

Complaint and fails to give rise to new facts or arguments that would give rise to a cognizable

---

[3] The statutes on which Plaintiff relies were repealed by the Law of Oct. 6, 2006, Pub. L. No. 109-304, § 19, 120 Stat. 1485 (2006). The Law, however, did not affect claims that arose prior to its enactment. *See* § 19 (repealing the instant admiralty statutes "except with respect to rights and duties that matured, penalties that were incurred, or proceedings that were begun before the date of enactment of the repeal").

cause of action, the Court shall deny Plaintiff's [43] Motion for Leave to Amend.

### III.  CONCLUSION

Based on the reasons set forth above, the Court DENY Plaintiff's [30] Motion for

Reconsideration and DENY Plaintiff's [43] Motion for Leave to Amend.

An appropriate Order accompanies this Memorandum Opinion.


Date: November 13, 2007


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge